CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2015 SEP 24 PM 4: 18
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| BRADLEY KYLE JONES, | § | |
| Plaintiff, | § | |
| v. | § | Civil Action No. 1:14-CV-160-BL |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

## REPORT AND RECOMMENDATION

Pursuant to 42 U.S.C. § 405(g), Plaintiff Bradley Jones (Plaintiff) seeks judicial review of the decision by the Commissioner of Social Security (Commissioner) denying his application for a period of disability, disability insurance benefits (DIB), and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act). The United States District Judge ordered the case be reassigned to this Court pursuant to 28 U.S.C. § 636(c). (Doc. 5). Only Plaintiff consented to the jurisdiction of the undersigned. (Doc. 6). After considering all the pleadings, briefs, and administrative record, this Court recommends the decision of the Commissioner be affirmed and Plaintiff's complaint be dismissed.

### I. STATEMENT OF THE CASE

Plaintiff originally filed his applications on December 13, 2011 alleging disability beginning November 2011. Tr. 44. The Commissioner denied his claim initially on June 12, 2012, and again upon reconsideration on September 24, 2012. Tr. 44. Plaintiff filed a written request for a hearing, which was held before an Administrative Law Judge (ALJ) on June 12, 2013. Tr. 44–51. On July 18, 2013, the ALJ issued his disability determination. *Id.*

Specifically, the ALJ held that Plaintiff: met the last insured status requirements of the Act through December 31, 2012; did not engage in any substantial gainful activity after his alleged onset date; had two severe impairments including a history of cerebrovascular accident and history of heart failure, though neither alone or in combination met a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1; and had the residual functional capacity (RFC):

> to perform light work as defined in 20 CFR § 404.1567(b) and 416.967(b) except the claimant should do no overhead work; no constant handling; and the claimant should be allowed a sit or stand option.

Tr. 47.

Additionally, the ALJ held that Plaintiff could not perform any of his past relevant work, Tr. 49, but that considering Plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that Plaintiff could perform, and Plaintiff was accordingly not disabled under the Act. Tr. 50.

The Appeals Council denied review on August 4, 2014. Tr. 4–8. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *See Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (stating Commissioner's final decision "includes the Appeals Council's denial of [a claimant's] request for review").

## II. FACTUAL BACKGROUND

According to his testimony at the administrative hearing and his pleadings, prior to his alleged disability, Plaintiff worked as a boat builder, tire repairer, and most recently as a truck driver. Tr. 71. As a truck driver, he drove a belly dump rig, transporting rock, gravel, and dirt. Tr. 60. Late in 2011, Plaintiff suffered a heart attack, and while in the hospital underwent a triple bypass heart surgery. Tr. 60. Approximately one month after his release from the hospital, Plaintiff suffered a stroke. Tr. 60–61. As a result of the stroke, Plaintiff has lasting tingling, numbness, and

reduced range of motion and reduced strength in his left arm. *Id.* Plaintiff testified that he did not believe he could continue to perform the job of truck driver, which in part would require him to lift and manipulate heavy tarps. Tr. 61. Plaintiff therefore maintains he is disabled under the Act.

### III. STANDARD OF REVIEW

A person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 1382c(a)(3)(A), 423(d)(1)(A) (2012). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002); 20 C.F.R. § 404.1572(a)-(b) (2013).

To evaluate a disability claim, the Commissioner follows "a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447–48 (5th Cir. 2007); *see also* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The claimant bears the burden of showing [he] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler*, 501 F.3d at 448. Before proceeding to steps 4 and 5, the Commissioner must assess a claimant's RFC. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005). RFC is defined as "the most [a claimant] can still do despite [the claimant's] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

This Court's review of the Commissioner's decision to deny disability benefits is limited

to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002) (citing *Estate of Morris v. Shalala*, 207 F.3d 744, 745 (5th Cir. 2000)). Substantial evidence "is more than a mere scintilla and less than a preponderance" and includes "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Masterson*, 309 F.3d at 272; *Watson v. Barnhart*, 288 F.3d 212, 215 (5th Cir. 2002). If substantial evidence supports the Commissioner's findings, then the findings are conclusive and the Court must affirm the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000). The Court may not reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the Court believes that the evidence weighs against the Commissioner's decision. *Masterson*, 309 F.3d at 272. Moreover, "'[c]onflicts in the evidence are for the Commissioner and not the courts to resolve.'" *Id.* (quoting *Newton*, 209 F.3d at 452).

### IV. DISCUSSION

Plaintiff raises a single issue on appeal to this Court. Plaintiff claims the ALJ failed to give proper weight to the opinion of the Consultative Examiner (CE) Jeremy Saller, M.D.

A.

The RFC assessment must be based on all the relevant evidence in the record, including, of course, the medical evidence in the record. S.S.R. 96-7p, 1996 WL 374186 (July 2, 1996). Acceptable medical evidence includes the claimant's statements regarding his symptoms, medical signs shown by acceptable clinical diagnostic techniques, and laboratory findings. 20 C.F.R. § 404.1528. Acceptable medical evidence may be in the form of clinical results of a physical examination, laboratory findings, diagnoses, etc., provided by acceptable medical sources, which

4

include treating sources, non-treating sources, or non-examining sources. *See* 20 C.F.R. §§ 404.1502, 404.1513(b), 416.913(b), 416.902. The ALJ is also to consider medical *opinion*. 20 C.F.R. § 404.1527(b). The ALJ is entitled to weigh the medical opinions and assign them weight. *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 19947). This means the ALJ has the power to accord little or even no weight to a particular medical opinion. *Id.* at 238.

Because a treating source is generally most familiar with a claimant's impairments, treatments, and responses, a treating source's opinion is frequently accorded great weight. *Newton*, 209 F.3d at 455. Still, the ultimate responsibility for determining a claimant's disability status lies with the Commissioner, and a treating source's opinion is not conclusive. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). When good cause is shown, an ALJ may assign little or no weight to a treating source opinion. *Greenspan*, 38 F.3d at 237. But an ALJ is required to show good cause only when rejecting the opinion of a *treating* physician. *See Newton*, 209 F.3d at 455. Less deference is accorded a non-treating source than a treating source, and less deference is accorded a non-examining source than a non-treating source, but every medical opinion is given consideration. *See* 20 C.F.R. § 404.1527(c).

### B.

To begin, it is uncontested here that Dr. Saller was a non-treating source, and that physician Patty Rowley, M.D., who conducted a physical RFC assessment, was a non-examining source. Thus, a treating physician's opinion does not play a role in the arguments of the parties. The ALJ was not required under *Newton* to show good cause for rejecting any particular medical opinion. 209 F.3d at 455.

Next, there is some disagreement as to what Dr. Saller actually found. In pertinent part, Dr. Saller opined:

> There are manipulative limitations on the left side only on reaching and the claimant will be able to perform this occasionally due to decreased range of motion in the left shoulder. There are no manipulative limitations on handling, feeling, grasping, fingering, and the claimant will be able to perform these frequently.

Tr. 567.

Plaintiff interprets this to mean Dr. Saller "opined that Plaintiff is limited to: (1) occasional reaching with his left upper extremity due to his decreased range of motion in his left shoulder, and (2) frequent handling, fingering, grasping, and fingering bilaterally." (Doc. 18, p. 2). Defendant interprets this to mean that Dr. Saller "assessed only one limitation after examining Plaintiff: he could perform only occasional manipulation with his left hand while reaching." (Doc. 17, p. 4). It occurs to the Court that the most natural and best reading of Dr. Saller's opinion could be restated as follows:

> Manipulative limitations exist only on the left side, and only in relation to reaching. Due to his decreased range of motion, Plaintiff will only be able to reach occasionally. There are no limitations in relation to handling, feeling, grasping, or fingering. Therefore, Plaintiff can do these frequently.

That is, the Court does not accept Plaintiff's contention that Dr. Saller assessed limitations as to Plaintiff's abilities in relation to handling, feeling, grasping, and fingering. (*See* Doc. 18, pp. 2–3). The Court understands Dr. Saller's statement "[t]here are no manipulative limitations on handling, feeling, grasping, [and] fingering," to mean Plaintiff is not limited in those four areas. That Dr. Saller then stated "the claimant will be able to perform these frequently" the Court does not take to mean Plaintiff is limited in some way. This is to say, the Court understands Dr. Saller to have only limited Plaintiff in the area of reaching.[1]

---

[1] Nonetheless, even if Dr. Saller did opine Plaintiff was more limited than the ALJ ultimately found, the ALJ was free to weigh Dr. Saller's opinion against all the evidence in the record and ultimately reject any opinion unsupported by the record. *Greenspan*, 38 F.3d at 237.

As to what the ALJ found, it is uncontested he adopted what both Drs. Saller and Rowley opined as to Plaintiff's ability to reach overhead. Dr. Saller (Tr. 568) and Dr. Rowley (Tr. 577) stated that Plaintiff could not reach overhead at all, and the ALJ's RFC finding accordingly limited Plaintiff to "no overhead work." Tr. 47. It is the ALJ's subsequent discussion on Plaintiff's ability to reach that the parties disagree over. Plaintiff takes issue with the ALJ's conclusion that Dr. Saller's opinion was "generally consistent" with the medical evidence of record. Plaintiff believes the ALJ should have offered an explanation as to why he only assigned Dr. Saller's opinion "some weight."

Despite Plaintiff's contentions, however, what he asks for is what the ALJ provided. The ALJ undertook an in-depth discussion of the medical evidence of record, including the objective examination findings of Dr. Saller, which supported the conclusion that Dr. Saller's opinion was entitled to some weight. For example, considering Dr. Saller's examination, the ALJ wrote:

> There was no clubbing, cyanosis or edema of the extremities. . . . The claimant had no palpable muscle spasms and full muscle strength. The claimant did have tenderness in the left biceps tendon, anterior shoulder and AC joint but was able to lift, carry and handle light objects. There was no joint swelling, erythema, effusion, or deformity. . . .The claimant can dress and undress adequately well. Range of motion of the left shoulder was decreased but within normal limits in all other areas including cervical, elbows, right shoulder, wrists, hands, thoracolumbar, hips, knees, ankles and feet. The examiner opined that the claimant cannot reach overhead. . . . The claimant can occasionally reach with the left side. There are no manipulative limitations on handling, feeling, grasping, fingering and the claimant would be able to perform these frequently.

Tr. 48–49.

Additionally, the ALJ surveyed the examination and treatment records in Plaintiff's case. Tr. 48. For example, detailing one physical examination, the ALJ noted:

> Initially, the claimant complained of difficulty with functional movements of the left hand. On examination, he demonstrated full left upper extremity range of motion with the exception of the left finger. He demonstrated 4/5 shoulder and elbow strength of the left upper extremity and 3-/5 forearm, wrist and hand strength.

> The claimant reported being able to perform activities of daily living with difficulty and was referred to therapy services.

Tr. 48.

It appears, then, that the ALJ examined and discussed the medical evidence in the record, including objective medical findings and opinions. This objective medical evidence formed the background against which any medical opinions must be weighed. *See Greenspan*, 38 F.3d at 237. In weighing Dr. Saller's opinion against the objective medical evidence of record, including the objective examination results of Dr. Saller himself, the ALJ was within his rights to accord Dr. Saller's opinion "some weight," as it was partially supported by the record. *See id.* The ALJ's opinion appears to be based on all the acceptable medical evidence in the record. S.S.R. 96-7p.

As noted, this Court's review is limited to an inquiry into whether substantial evidence supports the Commissioner's findings, and whether the Commissioner applied the proper legal standards. *Waters*, 276 F.3d at 718. Considering the objective medical evidence examined and discussed by the ALJ, the Court concludes that substantial evidence supports the ALJ's determinations, *see Perales*, 402 U.S. 389, so this Court must not disturb such determinations. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Newton*, 209 F.3d at 452.

### V. CONCLUSION

Considering the foregoing, it is therefore **RECOMMENDED** that the decision of the Commissioner be **AFFIRMED** and Plaintiff's complaint be **DISMISSED.**

**IT IS ORDERED** that this case is **TRANSFERRED** back to the docket of the United States District Judge.

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

**SO ORDERED.**

Dated September 24, 2015.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**