IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

BRADLEY KYLE JONES,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
CAROLYN W. COLVIN, Acting　　　　　　)
Commissioner of Social Security,　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　 )　　Civil Action No. 1:14-CV-160-C

## ORDER

Plaintiff appealed an adverse decision of Defendant, Carolyn W. Colvin, Acting

Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). The United States Magistrate

Judge entered a Report and Recommendation. Plaintiff filed an objection as to the ALJ's failure

to provide a detailed explanation of the weight given to an examining physician's assessment.

This Court conducted a *de novo* review.

Plaintiff's sole objection is that remand is required because the ALJ failed to explain the

weight he gave to Dr. Saller's medical source statement and the Magistrate Judge erred in failing

to address case law to that effect. *See Singleton v. Astrue*, No. 3:11-cv-2332-BN, 2013 WL

460066, at *5 (N.D. Tex. Feb. 7, 2013). But the case relied upon by Plaintiff is distinguishable,

and the Magistrate Judge need not have considered it in his report and recommendation, as

Plaintiff argues. The ALJ in *Singleton* failed to discuss the medical source statement of Dr.

McHenry—a treating physician—and the court held that the ALJ erred because it was impossible

to determine how much weight was given to Dr. McHenry's opinion compared to other, non-treating physicians. *Id.*, at *5–6. In this case, Dr. Saller was an examining physician, not a treating physician, and there was no opinion from *any* treating physician to consider.

The Magistrate Judge correctly held that an ALJ is required to show good cause for rejecting a medical opinion only when the opinion is from a treating physician. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). *See also Johnson v. Astrue*, No. 3:08-cv-1488-BD, 2010 WL 26469, at *4 (N.D. Tex. Jan. 4, 2010) ("Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), the regulations require only that the Commissioner 'apply' the factors and articulate good reasons for the weight assigned to a *treating* source opinion. The ALJ need not recite each factor as a litany in every case.") (emphasis added); *Hawkins v. Astrue*, No. 3:09-cv-2094-BD, 2011 WL 1107205, at *6 (N.D. Tex. Mar. 25, 2011) ("A *treating* source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. More specifically, the ALJ must clearly articulate the weight given to the *treating* source opinion[.]") (emphasis added). Because Dr. Saller was not a treating physician, the ALJ was not required to show good cause for rejecting any part of the doctor's opinion, and his failure to provide a detailed analysis of the weight given to that opinion was not error. The Magistrate Judge was correct to determine that substantial evidence supports the Commissioner's findings and defer to those findings in affirming the Commissioner's decision. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Newton*, 209 F.3d at 452. The Court overrules Plaintiff's objections.

It is, therefore, **ORDERED** that the findings and conclusions in the Report and

Recommendation are hereby **ADOPTED** as the findings and conclusions of the Court and that

the above-styled and -numbered cause is hereby **DISMISSED WITH PREJUDICE**.

Dated this _2nd_ day of October, 2015.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE

3